UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY F. WASHINGTON,

    Plaintiff,

v.                                                  Case No. 3:24cv245-LC-HTC

K. SHELL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Gregory F. Washington, proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983, purporting to assert Eighth Amendment claims stemming from a stabbing incident that occurred on May 18, 2018, at the Century Correctional Institution. Doc. 1. Plaintiff did not pay the $405.00 filing fee and, instead, filed an incomplete application for proceeding *in forma pauperis* ("IFP"). *See* Doc. 2. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends this case be dismissed under 28 U.S.C. § 1915(g), because Plaintiff is a three-striker who is barred from proceeding IFP, has not paid the Court's filing fee upon initiating this suit, and has also failed to truthfully disclose his litigation history.

## I. THREE-STRIKER STATUS

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding IFP under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Plaintiff is a three-striker. He filed the following three cases, as a prisoner, which were dismissed for failure to state a claim, as malicious, or as frivolous: (1) *Washington v. Medical Staff Inc., et al.*, No. 3:21-cv-00603-LC-HTC (N.D. Fla. Aug. 26, 2021) (dismissed as malicious for failure to truthfully disclose Plaintiff's litigation history); (2) *Washington v. Doe, et al.*, No. 3:21-cv-02571-MCR-HTC (N.D. Fla. Apr. 22, 2022) (same); and (3) *Washington v. Doe, et al.*, No. 3:22-cv-

03800-LC-ZCB (N.D. Fla. Sept. 12, 2023) (dismissed for failure to state a claim after Plaintiff was given three separate opportunities to amend).

Additionally, Plaintiff has not alleged he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). To the contrary, his allegations center around events that took place over six (6) years ago and at a different institution from which Plaintiff is currently housed. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that past allegations of imminent danger are insufficient to except a prisoner from the 3-striker statute); *Niebla v. Moring*, No. 3:07CV417/MCR/MD, 2007 WL 3283778, at *1 (N.D. Fla. Nov. 2, 2007) (finding that plaintiff was not entitled to proceed IFP because the complaint reflected he was no longer incarcerated at the institution where defendant was employed, and therefore, not under any imminent threat).

Because Plaintiff's allegations do not show he is in imminent danger of serious physical injury, he is precluded from proceeding IFP and his amended complaint should be dismissed under section 1915(g) for failing to pay the filing fee with the initiation of this action. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

## II. FAILURE TO DISCLOSE

As an additional and independent basis for dismissal, Plaintiff also failed to truthfully disclose his litigation history on the complaint form he submitted to the Court. *See* Doc. 1. Plaintiff's failure is malicious. Plaintiff is no stranger to this Court or the Court's forms. The complaint form asked Plaintiff to identify any federal cases he filed previously which (1) were dismissed as frivolous, as malicious, for failure to state a claim, or prior to service (subsection VIII.A); (2) dealt with the same facts or issue as the present case (subsection VIII.B); and (3) either challenged Plaintiff's conviction or otherwise related to his conditions of confinement (subsection VIII.C). *See id.* at 13–16. The form also warned Plaintiff that "***failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.* at 12 (emphasis in original).

Although Plaintiff disclosed some cases in response to subsection VIII.A, he did not identify *Washington v. Medical Staff Inc., et al.*, No. 3:21-cv-00603-LC-HTC (N.D. Fla. Aug. 26, 2021). Plaintiff also failed to identify any cases in response to Subsection VIII.B, even though the strike cases discussed above each pertained to the May 18, 2018, stabbing incident. Finally, none of those strike cases were disclosed in response to Subsection VIII.C.

Despite these misrepresentations, Plaintiff signed the complaint "under penalty of perjury, that all of the information stated above and included on or with this form, ***including my litigation history***, is true and correct." *Id.* at 16 (emphasis added). Plaintiff's failure to truthfully disclose his complete litigation history is a malicious abuse of the judicial process which warrants dismissal. *See, e.g., Ealy v. CCA*, 5:15-cv-305-MMP-EMT, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). As stated in an order of dismissal for failure to disclose by one of this District's judges, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, Doc. 52 at 1–2 (N.D. Fla. June 7, 2020).

Finally, the Court notes that Plaintiff's claims are barred by the 4-year statute of limitations. *See, e.g., Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir.2003) (per curiam) (the four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida). The incident complained of occurred in May 2018. Plaintiff signed the complaint on May 31, 2024, and prison mail officials received the complaint on June 3, 2024. Because Plaintiff filed similar claims on at least three

(3) prior occasions, equitable tolling will not apply. Thus, the dismissal here is a dismissal with prejudice.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE as malicious because Plaintiff knows he is a three-striker who must pay the full filing fee and failed to do so and, also because Plaintiff failed to truthfully disclose his litigation history.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of June, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.